IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
(1) FEDERAL DEPOSIT INSURANCE CORPORATION  )
as RECEIVER for FIRST NATIONAL BANK OF     )
DAVIS, DAVIS, OKLAHOMA,                    )
                                           )
                    Plaintiff,             )
                                           )
VS.                                        ) No. CIV-12-217-FHS
                                           )
(1) ARBUCKLE ADVENTURES, LLC, an Oklahoma  )
limited company; and (2) DAVID C. TEUMA,   )
an individual;                             )
                                           )
                    Defendants.            )
```

**ORDER**

Before the court for its consideration is the FDIC's Motion for Summary Judgment (Doc. 26). Plaintiff seeks summary judgment against the Defendants for breach of six promissory notes and three guaranty agreements. Plaintiff is also seeking summary judgment on the issue of returning equipment and property that was pledged to the bank under three promissory notes.  Defendants object to the entry of summary judgment.

**Standards for Summary Judgment**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a

1

genuine issue of fact.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986).  If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof."  <u>Applied Genetics v. First Affiliated Securities</u>, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  <u>Thomas v. IBM</u>, 48 F.3d 478, 486 (10th Cir. 1995) (quoting <u>Anderson</u>, 477 U.S. at 248).  In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party.  <u>Deepwater Invs. Ltd. v. Jackson Hole Ski Corp</u>, 938 F.2d 1105, 1110 (10th Cir. 1991).  This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Anderson</u>, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the Plaintiff's motion.

**FINDINGS OF FACT**

The court finds the facts as follows.  The FDIC is an agency of the United States of America.  On March 11, 2011, the Office of the Comptroller declared the First National Bank of Davis, Davis, Oklahoma ("Bank") insolvent and appointed the FDIC as the bank's receiver pursuant to 12 U.S.C. Sec. 191 and 1821 (c)(5).  On that same date, the bank accepted the appointment as receiver for the Bank.  Pursuant to 12 U.S.C. Sec. 1821 (c)(3)(A), the FDIC has, succeeded to all rights, titles, power, and privileges of the Bank.  The FDIC retained the assets that are the subject matter of the captioned action in conjunction with a purchase and assumption transaction involving Pauls Valley National Bank in Pauls Valley, Oklahoma as the assuming institution.  KeyCorp Real Estate Capital Markets, Inc. ("KeyCorp") is an agent of the FDIC and, in this capacity, is the servicer of all loans between the Bank and Defendant at issue in this motion.

On or about June 25, 2010, Adventures executed Promissory Note No. 72357 payable to the order of the bank, in the original principal amount of $82,099.99.  Adventures received all of the funds that the Bank was obligated to provide it under Note No. 72357.  In order to secure the indebtedness under Note 72357, Adventures executed a Security Agreement dated June 25, 2010 ("72357").  Pursuant to these agreements, Adventures granted the Bank a security interest, in all equipment whether then owned or acquired thereafter, including the proceeds thereof, to secure the indebtedness under Note No.72357. Adventures also granted the Bank a security interest in specifically listed items of equipment ("72357 Secured Collateral"). The 72357 Security Agreement provides that if Adventures is in default, the Bank may repossess, sell or otherwise dispose of the 72357 Secured

Collateral as a remedy.  Payment was due, according to the terms of Note No. 72357, on December 25, 2011, which payment was not made by Adventures. No subsequent payments have been made.

Defendants dispute that summary judgment is proper under Note No. 72357 and the 72357 Security Agreement because the FDIC failed to give credit to Adventures for the disposition of certain "wood chipping" equipment and $75,000.00 worth of logs that secured the obligation.  According to the Defendants, the wood chipping equipment and logs were located on the "Clark & Son" property.  Defendants claim that the former bank foreclosed this property, and the FDIC later sold it along with the equipment and logs to a third party.  Defendants claim the Bank assured them that Note No. 72357 would be paid in full if the equipment was in fact sold as part of the foreclosure. The court finds the Defendants have failed to come forth with any credible evidence of this oral agreement.  The only document attempting to support this allegation is Defendant Teuma's affidavit. Defendant Teuma's conclusory allegations regarding an oral agreement are insufficient to overcome a properly support summary judgment. <u>Ramirez v. The GEO Group, Inc.</u>, 655 F. Supp. 2d 1170, 1182 (D. Colo. 2009).

Accordingly, the FDIC, as the holder of Note No. 72357 has elected to demand the entire balance due and payable as permitted by its terms.  The FDIC has demanded payment of the same but Adventures has failed, refused and neglected to pay such amounts when due and is in default. By reason of the default, Adventures has breached the terms and conditions of Note No. 72357 and the 72357 Security Agreements and thus the entire amount of indebtedness has matured and is now due and payable together with interest.  The principal sum of $82,009.09 is due under Note No.

4

72357, together with accrued interest through May 10, 2013, in the sum of $16, 145.72, fees in the sum of $5,646.25, for a total amount due and owing of $103, 801.96 plus accruing interest thereon at a rate of $15.38 per day from and after May 10, 2013, until paid.

On or about August 26, 2010, Teuma executed Promissory Note No. 72444 payable to the order of the Bank in the original principal amount of $135,000.00 ("72444").  Teuma received all of the funds that the Bank was obligated to provide him under the Note. Payment was due according to the terms of Note No. 72444 on June 26, 2011, which payment was not made by Teuma.  No subsequent payments have been made.  Accordingly, the FDIC, as the holder of Note No. 72444 has elected to declare the entire balance due and payable as permitted by its terms.  The FDIC has demanded payment of the same but Teuma has failed, refused and neglected to pay such amounts when due and is in default thereof. By reason of the default, Teuma has breached the terms and conditions of Note No. 72444 and thus the entire amount of indebtedness has matured and is now due and payable together with interest.  The principal sum of $135, 000.00 is due under Note No. 72444 together with accrued interest through May 10, 2013, in the sum of $21,000.00, fees in the sum of $8,531.62, for a total amount due and owing of $164, 531.62 plus accruing interest thereon at a rate of $26.25 per day from and after May 10, 2013, until paid.

On or about October 7, 2010, Teuma executed Promissory Note No. 72507 payable to the order of the Bank, in the original principal amount of $132, 458, 61.  ("72507"). Teuma received all of the funds that the Bank was obligated to provide him under Note No. 72507.  Payment was due, according to the terms of Note

No. 72507, on May 1, 2011, which payment was not made by Teuma. No subsequent payments have been made.  Accordingly, the FDIC as the holder of Note No. 72507 has elected to declare the entire balance due and payable as permitted by its terms.  The FDIC has demanded payment of the same but Teuma has failed, refused and neglected to pay such amounts when due and is in default thereof. By reason of the default, Teuma has breached the terms and conditions of Note No. 72507, and thus, the entire amount of indebtedness has matured and is now due and payable together with interest.  The principal sum of $92, 458.61 is due under Note No. 72507 together with accrued interest through May 10, 2013, in the sum of $12,327.81, fees in the sum of $5,982.38, for a total amount due and owing of $110,768.80 plus accruing interest thereon at a rate of $15. 41 per day from and after May 10, 2013 until paid.

On or about October 19, 2010, Adventures executed Promissory Note No. 72527, payable to the order of the Bank, in the original principal amount of $100,145.00 ("72527").  Adventures received all of the funds that the Bank was obligated to provide it under Note No. 72527.  As part of the loan transaction between the Bank and Adventures pursuant to Note No. 72527, and as material inducement to cause the Bank to make the loan, Teuma executed a Guaranty Agreement dated October 19, 2010.  Pursuant thereto, Teuma absolutely and unconditionally guaranteed payment to the Bank of any and all debt owed by Adventures under Notes 72527 when due whether at maturity or by acceleration, or otherwise. In order to secure the indebtedness under Note No. 72527, Adventures executed a Security Agreement dated October 19, 2010. Pursuant thereto, Adventures granted the Bank a security interest, in specific items of equipment.  The 72527 Security Agreement provides that if Adventures is in default thereunder,

the Bank may repossess, sell and otherwise dispose of the 72527 Secured Collateral as a remedy.  Adventures is currently in possession, custody or control of 72527 Secured Collateral. Adventures under the terms of the Note No. 72527 is required to make 59 equal installment payments consisting of principal and interest in the amount of $2,042.69 commencing on December 3, 2010, and continuing monthly thereafter.  Adventures failed to make any monthly payments beginning with the payment due on September 3, 2011.  Based upon this failure, the FDIC, as the holder of Note No. 72527 is entitled to and has elected to declare the entire balance due and payable as permitted by its terms. The FDIC has demanded payment of the same but Adventures and Teuma have each failed, refused and neglected to pay such amounts when due and are in default thereof.  By reason of the default, Adventures has breached the terms and conditions of Note No. 72527 and the 72527 Security Agreement and Teuma has breached the terms and conditions of the 72527 Guaranty Agreement and this the entire amount of indebtedness thereby secured has matured and is now due and payable together with interest.

     The principal sum of $88,651.61 is due under Note No. 72527 together with accrued interest through May 10, 2013, in the sum of $11, 918.72, fees in the sum of $2,894.82, for a total amount due and owing of $103,465.15 plus interest thereon at a rate of $19.70 per day from and after May 10, 2013, until paid.

     On or about February 24, 2011, Adventures executed Promissory Note 72703 payable to the order of the Bank, in the original principal amount of $50,050.00 ("72703"). Adventures received all of the funds that the Bank was obligated to provide it under Note No. 72703.  As part of the loan transaction between the Bank and Adventures pursuant to Note No. 72703 and as a

material inducement to cause the Bank to make the loan, Teuma executed a Guaranty Agreement dated February 24, 2011.  Pursuant thereto, Teuma absolutely and unconditionally guaranteed payment to the Bank of any and all debt owed by Adventures under Note No. 72703 when due, whether at maturity, by acceleration, or otherwise.  In order to secure the indebtednes under Note 73703 Adventures executed a Security Agreement dated February 24, 2011. Pursuant thereto, Adventures granted the Bank a security interest, inter alia, in all equipment, whether then owned or acquired thereafter, including the proceeds thereof, to secure the indebtedness under Note No. 72703.  Adventures also granted the Bank a security interest in specifically listed items of equipment. The 72703 Security Agreement provides that if Adventures is in default thereunder, the Bank may repossess, sell and otherwise dispose of the 72703 Secured Collateral as a remedy.  Adventures is currently in possession, custody or control of the 72703 Secured Collateral.  Adventures, under the terms of Note No. 72703, is required to make 59 equal installment payments consisting of principal and interest in the amount of $946.02 commencing on March 24, 2011, and continuing monthly thereafter.  Adventures failed to make any monthly payments beginning with the payment due on September 24, 2011.  Based upon this failure, the FDIC, as the holder of the Note No. 72703, is entitled to and has elected to declare the entire balance due and payable as permitted by its terms.  The FDIC has demanded payment of the same but Adventures and Teuma have each failed, refused and neglected to pay such amounts when due and are in default thereof.  By reason of the default, Adventures has breached the terms and conditions of Note No. 72703 and the 72703 Security Agreement and Teuma has breached the terms and conditions of the 72703 Guaranty Agreement, and this, the entire amount of the indebtedness thereby secured has matured and is now due and

payable, together with interest.  The total amount due and owing is $41, 488.00 which is inclusive of principal and accrued interest as of June 5, 2013, plus pre-judgment interest in the amount of $5.46 per day from and after June 5, 2013, until the date of entry of final judgment, plus post-judgment interest at the highest rate allowed.

On or about March 2, 2011, Adventures executed Promissory Note No. 72708 payable to the order of the Bank, in the original principal amount of $250, 109.02 ("72708"). Adventures received all the funds that the Bank was obligated to provide it under Note No. 72708.  As part of the loan transaction between the Bank and Adventures pursuant to Note No. 72708, and as a material inducement to cause the Bank to make the loan, Teuma executed a Guaranty Agreement dated March 2, 2011.  Pursuant thereto, Teuma absolutely and unconditionally guaranteed payment to the Bank of any and all debt owed by Adventures under Note No. 72708 when due, whether at maturity, by acceleration, or otherwise.  Payment was due, according to the terms of Note No. 72708, on March 2, 2012, which payment was not made by Adventures or Teuma.  No subsequent payments have been made.  Accordingly, the FDIC, as the holder of the Note No. 72708, has elected to declare the entire balance due and payable as permitted by its terms.  The FDIC has demanded payment of the same but Adventures and Teuma have each failed, refused and neglected to pay such amounts when due and are in default thereof.  By reason of the default, Adventures has breached the terms and conditions of Note No. 72708, and Teuma has breached the terms and conditions of the 72708 Guaranty Agreement, and thus, the entire amount of indebtedness thereby secured has matured and is not due and payable, together with interest.  The principal sum of $250, 109.02 is due under Note No. 72708 together with accrued interest

through May 10, 2013, in the sum of $17, 793. 72 fees in the sum of $14,102. 82, for a total amount due and owing of $282,005.56 plus accruing interest thereon at a rate of $22.27 per day and after May 10, 2013 until paid.

The undisputed facts reveal that Adventures executed the Adventures' Notes and received all funds that the Bank was obligated to provide under the Notes. It is also undisputed that Teuma guaranteed Adventures' obligations under the Adventures' Notes (except Note No. 72357). Finally, it is undisputed that Adventures is in default under its notes. The court finds there is no genuine issue of material fact regarding the liability of Adventures under the Adventures Notes and of Teuma under the Teuma Guaranties. The court also finds there is no genuine issue of material fact regarding the liability of Teuma under his Notes. The facts reveal Teuma received all funds that the Bank was obligated to provide and he is in default. The court finds that the FDIC as a holder of these Notes is entitled to enforce them according to their terms. The court further finds the FDIC is entitled to recover the full amount owed.

The FDIC has also asserted replevin claims against Adventures for the return of property securing Adventures' obligations under the Adventures' Notes except Note No. 72708. Federal Rule of Civil Procedure 64 provides that state law remedies for seizing property, including the remedy of replevin, are available in this federal action. Under Oklahoma common law, replevin is an action *ex delicto* to recover personal property and is proper when, as here the Defendant is in possession of property pledged as secured collateral. It is undisputed that the Adventures' Notes are in default and that the Adventures' Notes other than Note No. 72708 are secured by the Secured

Collateral.  The facts reveal that Adventures is in possession of the Secured Collateral and pursuant to the terms of the Security Agreement the FDIC is entitled to immediate possession of the Secured Collateral since the subject promissory notes are in default.  Therefore, the court grants summary judgment as to the Plaintiff's replevin claim and orders that Adventures return the Secured Collateral to the FDIC.

    Accordingly, the FDIC's Motion for Summary Judgment (Doc. 26) is granted.

    DATED this 23rd day of September, 2013.

/s/ Frank H. Seay
Frank H. Seay
United States District Judge
Eastern District of Oklahoma